E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

## General Civil and Domestic Relations Case Filing Information Form

☐ **Superior** or ☒ **State Court of** <u>Gwinnett State Court</u> **County**

| For Clerk Use Only | |
|---|---|
| | 25-C-02235-S7 |
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**

Heather Booth

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**

Ace American Insurance Company

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Hub Group, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Hub Group Trucking, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Je'Kendrick Chadrelle Rucker

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** <u>FRANK A ILARDI</u>   **State Bar Number** _____ **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**

- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number    Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/27/2025 9:03 AM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| Case:<br>25-C-02235-S7 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY STATE OF GEORGIA | County: | Job:<br>12778216 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>HEATHER BOOTH, | | **Defendant / Respondent:**<br>ACE AMERICAN INSURANCE COMPANY, HUB GROUP, INC., HUB GROUP TRUCKING, INC., JE'KENDRICK CHADRELLE RUCKER, and JOHN DOES 1-5, | |
| **Received by:**<br>MARGARET RUDDOCK | | **For:**<br>ILARDI LAW, LLC | |
| **To be served upon:**<br>Ace American Insurance Company c/o CT Corporation System | | | |

I, Margaret Ruddock, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Ace American Insurance Company c/o CT Corporation System, HOME: 289 SOUTH CULVER STREET, LAWRENCEVILLE, GA 30046

**Manner of Service:** Registered Agent, Feb 26, 2025, 10:56 am EST

**Documents:** Summons and Complaint, ACCIDENT REPORT (Received Feb 24, 2025 at 12:00am EST), PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT ACE AMERICAN INSURANCE COMPANY (Received Feb 24, 2025 at 12:00am EST)

**Additional Comments:**
1) Successful Attempt: Feb 26, 2025, 10:56 am EST at HOME: 289 SOUTH CULVER STREET, LAWRENCEVILLE, GA 30046 received by Ace American Insurance Company c/o CT Corporation System. Age: 65; Ethnicity: Caucasian; Gender: Female; Weight: 115; Height: 5'1"; Hair: Gray; Other: served LINDA BANKS;
Served

_____    2/27/25
Margaret Ruddock    Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

2/27/25          8-31-27
Date          Commission Expires

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/27/2025 9:03 AM**

**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| Case:<br>25-C-02235-S7 | Court:<br>IN THE STATE COURT OF GWINNETT COUNTY STATE OF GEORGIA | County: | Job:<br>12778305 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>HEATHER BOOTH, | | Defendant / Respondent:<br>ACE AMERICAN INSURANCE COMPANY, HUB GROUP, INC., HUB GROUP TRUCKING, INC., JE'KENDRICK CHADRELLE RUCKER, and JOHN DOES 1-5, | |
| Received by:<br>MARGARET RUDDOCK | | For:<br>ILARDI LAW, LLC | |
| To be served upon:<br>HUB GROUP, INC. REGISTERED AGENT CORPORATION SERVICE COMPANY | | | |

I, Margaret Ruddock, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** HUB GROUP, INC. REGISTERED AGENT CORPORATION SERVICE COMPANY, CORPORATE: 2 SUN COURT ste 400, PEACHTREE CORNERS, GA 30092

**Manner of Service:** Registered Agent, Feb 25, 2025, 2:12 pm EST

**Documents:** SUMMONS, COMPLAINT, PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT HUB GROUP, INC., (Received Feb 25, 2025 at 11:00am EST), Accident report (Received Feb 25, 2025 at 11:00am EST)

**Additional Comments:**
1) Successful Attempt: Feb 25, 2025, 2:12 pm EST at CORPORATE: 2 SUN COURT ste 400, PEACHTREE CORNERS, GA 30092 received by HUB GROUP, INC. REGISTERED AGENT CORPORATION SERVICE COMPANY. Age: 35; Ethnicity: African American; Gender: Female; Weight: 140; Height: 5'8"; Hair: Black; Other: Served Alisha Smith;
Served

_Margaret Ruddock_ 2/26/25
Margaret Ruddock          Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_Denine Jordan_
Notary Public
2/26/25                    8-31-27
Date          Commission Expires

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/27/2025 9:03 AM**
**TIANA P. GARNER, CLERK**

## AFFIDAVIT OF SERVICE

| Case: 25-C-02235-S7 | Court: IN THE STATE COURT OF GWINNETT COUNTY STATE OF GEORGIA | County: | Job: 12778360 |
|---|---|---|---|

| Plaintiff / Petitioner: HEATHER BOOTH, | Defendant / Respondent: ACE AMERICAN INSURANCE COMPANY, HUB GROUP, INC., HUB GROUP TRUCKING, INC., JE'KENDRICK CHADRELLE RUCKER, and JOHN DOES 1-5, |
|---|---|

| Received by: MARGARET RUDDOCK | For: ILARDI LAW, LLC |
|---|---|

**To be served upon:**
Hub Group Trucking, Inc. c/o Corporation Service Company

I, Margaret Ruddock, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Hub Group Trucking, Inc. c/o Corporation Service Company, CORPORATE: 2 SUN COURT STE 400, PEACHTREE CORNERS, GA 30092

**Manner of Service:** Registered Agent, Feb 25, 2025, 2:12 pm EST

**Documents:** SUMMONS, COMPLAINT, PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT HUB GROUP TRUCKING, INC. (Received Feb 25, 2025 at 11:00am EST), Accident report (Received Feb 25, 2025 at 11:00am EST)

**Additional Comments:**
1) Successful Attempt: Feb 25, 2025, 2:12 pm EST at CORPORATE: 2 SUN COURT STE 400, PEACHTREE CORNERS, GA 30092 received by Hub Group Trucking, Inc. c/o Corporation Service Company. Age: 35; Ethnicity: African American; Gender: Female; Weight: 140; Height: 5'8"; Hair: Black; Other: served Alisha Smith;
Served

Margaret Ruddock          2/26/25
_____          _____
Margaret Ruddock          Date

Subscribed and sworn to before me by the affiant who is personally known to me.

_____
Notary Public

2/26/25
_____
Date          Commission Expires



E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**

**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| HEATHER BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| ACE AMERICAN INSURANCE COMPANY, | ) | 25-C-02235-S7 |
| HUB GROUP, INC., | ) | |
| HUB GROUP TRUCKING, INC., | ) | |
| JE'KENDRICK CHADRELLE RUCKER, | ) | |
| and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff brings this lawsuit to recover damages for injuries she suffered when her vehicle was hit from behind by a tractor-trailer.

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff Heather Booth ("Plaintiff") resides in Georgia. By filing this lawsuit, Plaintiff submits to the jurisdiction of this Court and to venue in Gwinnett Chatham County.

2.

Defendant Ace American Insurance Company ("Ace Insurance") is a foreign insurance company that is registered to do business in Georgia and can be served through

its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

3.

Defendant Hub Group, Inc. ("Hub Group") is a foreign corporation that is registered to do business in Georgia and can served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Defendant Hub Group Trucking, Inc. ("Hub Trucking") is a foreign corporation that is registered to do business in Georgia and can served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

Defendant Je'Kendrick Chadrelle Rucker ("Rucker")[1] resides in Florida and committed a tortious act while driving in Georgia. Rucker can be served under the Georgia Nonresident Motorist Act (O.C.G.A. § 40-12-1(a)) by delivering the Summons and Complaint to the Georgia Secretary of State and mailing copies to Defendant's last known home address at 351 Crossing Boulevard, Apartment 326, Orange Park, Florida 32073.

---

[1]    Ace Insurance, Hub Group, Hub Trucking, and Rucker are referred to collectively as "Defendants."

6.

Defendants John Does 1-5 are presently unknown persons and/or entities whose negligent acts and/or omissions caused, or contributed to cause, Plaintiff's injuries and damages.

7.

This Court has personal jurisdiction over Ace Insurance.

8.

This Court has personal jurisdiction over Hub Group.

9.

This Court has personal jurisdiction over Hub Trucking.

10.

This Court has personal jurisdiction over Rucker.

11.

This Court has jurisdiction over the subject matter of this lawsuit.

12.

Venue is proper in Gwinnett County pursuant to O.C.G.A. § 14-2-510(b)(4).

**FACTS**

13.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

14.

Rucker was driving a power unit and hauling a trailer ("Tractor-Trailer") on July 13, 2023 when they drove into the back of Plaintiff's vehicle on SR 21 ("Crash").

- 3 -

15.

Plaintiff's head, neck, right shoulder, and back were injured as a result of the Crash.

### RESPONDEAT SUPERIOR ALLEGATIONS
(Hub Group)

16.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

17.

Hub Group owned the Tractor-Trailer at the time of the Crash.

18.

Rucker was an employee of Hub Group at the time of the Crash.

19.

Rucker was acting within the course and scope of their employment with Hub Group at the time of the Crash.

20.

Rucker was an agent of Hub Group at the time of the Crash.

21.

Rucker was acting within the course and scope of their agency with Hub Group at the time of the Crash.

22.

Rucker was working with, for, or through Hub Group at the time of the Crash.

## RESPONDEAT SUPERIOR ALLEGATIONS
(Hub Trucking)

23.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

24.

Hub Trucking owned the Tractor-Trailer at the time of the Crash.

25.

Rucker was an employee of Hub Trucking at the time of the Crash.

26.

Rucker was acting within the course and scope of their employment with Hub Trucking at the time of the Crash.

27.

Rucker was an agent of Hub Trucking at the time of the Crash.

28.

Rucker was acting within the course and scope of their agency with Hub Trucking at the time of the Crash.

29.

Rucker was working with, for, or through Hub Trucking at the time of the Crash.

## DIRECT ACTION ALLEGATIONS

30.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

31.

The Tractor-Trailer was a commercial motor vehicle at the time of the Crash.

- 5 -

32.

Hub Group was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

33.

Hub Trucking was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

34.

Rucker was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

35.

At the time of the Crash, Hub Group, Hub Trucking, and/or Rucker were insured under a business auto liability insurance policy issued by Ace Insurance under policy number ISA H10758270 ("Insurance Policy").

36.

The Insurance Policy is a policy of indemnity insurance.

37.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to obtain a motor carrier certificate from the Georgia Department of Public Safety.

38.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to comply with O.C.G.A. § 40-1-112(a).

39.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to register as a motor carrier with the Georgia Department of Public Safety.

40.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to comply with O.C.G.A. § 40-2-140(d)(2).

41.

Hub Group and/or Hub Trucking filed a certificate with the Georgia Department of Public Safety as proof that it purchased the Insurance Policy.

42.

Plaintiff is a third-party beneficiary under the Insurance Policy.

43.

Plaintiff sustained actionable injuries as a result of the Crash.

44.

Ace Insurance is subject to direct action pursuant to O.C.G.A. § 40-1-112.

45.

Ace Insurance is subject to direct action pursuant to O.C.G.A. § 40-2-140.

## COUNT ONE – NEGLIGENCE

46.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

47.

Rucker owed a duty to Plaintiff to exercise reasonable care while operating the Tractor-Trailer.

48.

Rucker was negligent and failed to exercise reasonable care in at least one of the following ways:

(a)    following too closely behind Plaintiff's vehicle;

(b)    failing to operate the Tractor-Trailer with ordinary diligence;

(c)    failing to exercise due care in operating the Tractor-Trailer; and/or

(d)    failing to maintain a proper lookout while driving the Tractor-Trailer.

49.

Rucker's negligent acts and/or omissions proximately caused Plaintiff to suffer injuries and damages.

50.

Ace Insurance is liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

51.

Hub Group is vicariously liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

- 8 -

52.

HUB Trucking is vicariously liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

53.

Rucker is liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

## **DAMAGES**

54.

Plaintiff reasserts the preceding paragraphs as if fully restated here.

55.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states that she incurred past medical bills of at least $300,000 as a result of the Crash.

56.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states that she may need future medical care as a result of the Crash:

57.

Plaintiff also endured, and may continue to endure, pain and suffering, mental anguish, emotional distress, loss of the capacity for the enjoyment of life, diminished capacity to labor, and other general damages as a result of the Crash.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    that Summons issue and service be perfected requiring Defendants to appear and answer this Complaint;

(b)    that Plaintiff have a trial by a twelve-person jury;

(c)    that a judgment be entered in Plaintiff's favor;

(d)    that Plaintiff recover past and future special damages in amounts to be proven at trial;

(e)    that Plaintiff recover past and future general damages in amounts to be decided at trial by the enlightened conscience of a fair and impartial jury;

(f)    that all costs of this action are taxed against Defendants; and

(g)    for such further relief as the Court deems fair and appropriate.

Respectfully submitted, this the 25th day of February, 2025.

**ILARDI LAW, LLC**

*/s/ Frank A. Ilardi*
Frank A. Ilardi
Georgia Bar No. 382028
*Counsel for Plaintiff*

1201 Peachtree Street, NE – Suite 2000
Atlanta, Georgia 30361
Phone/Fax: (470) 443-9060
Email: frank@ilawgeorgia.com

- 10 -

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**

**3/3/2025 3:02 PM**

**TIANA P. GARNER, CLERK**

Control Number : SOP-3-3-2025-33

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Je' Kendrick Chadrelle Rucker**

have been filed with the Secretary of State on 02/27/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Heather Booth v. Je' Kendrick Chadrelle Rucker
Court: Gwinnett County State Court
Civil Action No.: 25-C-02235-S7

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/03/2025.



Brad Raffensperger

Brad Raffensperger
Secretary of State



**ILARDI LAW, LLC**
1201 Peachtree Street, NE - Suite 2000
Atlanta, Georgia 30361
www.ilawgeorgia.com

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2025 FEB 27 AM 11: 20

BY FEDEX – February 26, 2025

Brad Raffensperger
Georgia Secretary of State
2 Martin Luther King, Jr. Drive, SW
Suite 313, Floyd West Tower
Atlanta, Georgia 30334

Re:    Booth v. Ace American Ins. Co., et al - <mark>Service on Non-Resident Motorist</mark>

Dear Secretary Raffensperger:

Pursuant to the Georgia Non-Resident Motorist Act (O.C.G.A. § 40-12-1 *et seq.*), please find enclosed the following materials for your acceptance:

1.    Summons and Complaint;
2.    Plaintiff's Interrogatories, Request for Production of Documents, and Request for Admissions to Defendant; and
3.    Form SOP-1 with a check in the amount of $10.00 as payment to your office for accepting service.

The Certificate of Acknowledgement can be sent to me at the above address. Pursuant to O.C.G.A. § 40-12-5, please also certify to the State Court of Gwinnett County that the above items have been filed in your office.

Regards,

Frank A. Ilardi

Encs.
cc:    Je'Kendrick Chadrelle Rucker (w/encs)

phone: 470-443-9060    fax: 470-443-9060    email: frank@ilawgeorgia.com



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2025 FEB 27 AM 11: 20

## SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding:     **Heather Booth v. Ace American Ins. Co., et al**

   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of…, etc.)

   Civil Action No./File No.:   **25-C-02235-S7**

   Court:    **State Court of Gwinnett County**

   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*      ☐ O.C.G.A. § 14-8-46(i)*      ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)      ☐ O.C.G.A. § 14-8-50(c)      ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)      ☐ O.C.G.A. § 14-8-52(d)      ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)      ☐ O.C.G.A. § 14-9-104(g)*      ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)      ☐ O.C.G.A. § 14-9-902.1(i)*      ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)      ☐ O.C.G.A. § 14-9-906      ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)      ☐ Other: O.C.G.A. _____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual:  **Je'Kendrick Chadrelle Rucker**

   Business Entity Control Number (if applicable):  **N/A**

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   **351 Crossing Boulevard, Apt. 326, Orange Park, Florida 32073**

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name:     **Frank Ilardi**

   Address:   **1201 Peachtree Street, NE, Suite 2000**

   **Atlanta, GA 30361**

   Email:     **frank@ilawgeorgia.com**

Form SOP-1
(Rev.6/2018)

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HEATHER BOOTH, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION FILE |
| | * | NO. 25-C-02235-S7 |
| ACE AMERICAN INSURANCE COMPANY, | * | |
| HUB GROUP, INC., | * | |
| HUB GROUP TRUCKING, INC., | * | |
| JE'KENDRICK CHADRELLE RUCKER, | * | |
| and JOHN DOES 1-5, | * | |
| | * | |
| Defendants. | * | |

## AFFIDAVIT OF COMPLIANCE FOR SERVICE UNDER
## THE NON-RESIDENT MOTORIST STATUTE

Pursuant to O.C.G.A. § 40-12-2, I certify that the Summons, Complaint, Plaintiff's Interrogatories, Request for Production of Documents and Request for Admissions, and this Affidavit of Compliance for Service, were served today by statutory overnight delivery (Federal Express) to the following recipients:

1. Je'Kendrick Chadrelle Rucker, 351 Crossing Boulevard, Apt. 326, Orange Park, Florida 32073; and

2. Brad Raffensperger, Georgia Secretary of State, 2 Martin Luther King, Jr. Drive, SE, Suite 313, Floyd West Tower, Atlanta, GA 30334.

This the 26th day of February, 2025.

ILARDI LAW, LLC

Frank A. Ilardi
Georgia Bar No. 382028
*Counsel for Plaintiff*

1201 Peachtree Street, NE - Suite 2000
Atlanta, Georgia 30361
Phone / Fax: (470) 443-9060
E-mail: frank@ilawgeorgia.com

Sworn to and subscribed before me this
the 26th day of February , 2025

_____
Notary Public

STEPHANIE OWENS
NOTARY
EXPIRES
GEORGIA
OCT. 29, 2028
PUBLIC
FULTON COUNTY

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Heather Booth,**

_____

_____

                                        CIVIL ACTION        25-C-02235-S7
                                        NUMBER:_____

PLAINTIFF

VS.

**Ace American Insurance Company,**
_____

**Hub Group, Inc., Hub Group Trucking, Inc.,**          To: Je'Kendrick Chadrelle Rucker
_____                         351 Crossing Boulevard, Apt. 326
                                                        Orange Park, FL 32073
**Je'Kendrick Chadrelle Rucker, and John Does 1-5,**
_____

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

  You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Frank A. Ilardi
1201 Peachtree St. NE
Suite 2000
Atlanta, GA 30361

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

        25th day of February, 2025

This _____ day of _____, 20_____.


                                        Tiana P. Garner
                                        Clerk of State Court


                                        By_____
                                                Deputy Clerk


**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HEATHER BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| ACE AMERICAN INSURANCE COMPANY, | ) | 25-C-02235-S7 |
| HUB GROUP, INC., | ) | |
| HUB GROUP TRUCKING, INC., | ) | |
| JE'KENDRICK CHADRELLE RUCKER, | ) | |
| and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff brings this lawsuit to recover damages for injuries she suffered when her vehicle was hit from behind by a tractor-trailer.

### PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Heather Booth ("Plaintiff") resides in Georgia. By filing this lawsuit, Plaintiff submits to the jurisdiction of this Court and to venue in Gwinnett Chatham County.

2.

Defendant Ace American Insurance Company ("Ace Insurance") is a foreign insurance company that is registered to do business in Georgia and can be served through

its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

3.

Defendant Hub Group, Inc. ("Hub Group") is a foreign corporation that is registered to do business in Georgia and can served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Defendant Hub Group Trucking, Inc. ("Hub Trucking") is a foreign corporation that is registered to do business in Georgia and can served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

Defendant Je'Kendrick Chadrelle Rucker ("Rucker")[1] resides in Florida and committed a tortious act while driving in Georgia. Rucker can be served under the Georgia Nonresident Motorist Act (O.C.G.A. § 40-12-1(a)) by delivering the Summons and Complaint to the Georgia Secretary of State and mailing copies to Defendant's last known home address at 351 Crossing Boulevard, Apartment 326, Orange Park, Florida 32073.

---

[1]    Ace Insurance, Hub Group, Hub Trucking, and Rucker are referred to collectively as "Defendants."

6.

Defendants John Does 1-5 are presently unknown persons and/or entities whose negligent acts and/or omissions caused, or contributed to cause, Plaintiff's injuries and damages.

7.

This Court has personal jurisdiction over Ace Insurance.

8.

This Court has personal jurisdiction over Hub Group.

9.

This Court has personal jurisdiction over Hub Trucking.

10.

This Court has personal jurisdiction over Rucker.

11.

This Court has jurisdiction over the subject matter of this lawsuit.

12.

Venue is proper in Gwinnett County pursuant to O.C.G.A. § 14-2-510(b)(4).

**FACTS**

13.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

14.

Rucker was driving a power unit and hauling a trailer ("Tractor-Trailer") on July 13, 2023 when they drove into the back of Plaintiff's vehicle on SR 21 ("Crash").

- 3 -

15.

Plaintiff's head, neck, right shoulder, and back were injured as a result of the Crash.

## RESPONDEAT SUPERIOR ALLEGATIONS
(Hub Group)

16.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

17.

Hub Group owned the Tractor-Trailer at the time of the Crash.

18.

Rucker was an employee of Hub Group at the time of the Crash.

19.

Rucker was acting within the course and scope of their employment with Hub Group at the time of the Crash.

20.

Rucker was an agent of Hub Group at the time of the Crash.

21.

Rucker was acting within the course and scope of their agency with Hub Group at the time of the Crash.

22.

Rucker was working with, for, or through Hub Group at the time of the Crash.

- 4 -

## RESPONDEAT SUPERIOR ALLEGATIONS
(Hub Trucking)

23.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

24.

Hub Trucking owned the Tractor-Trailer at the time of the Crash.

25.

Rucker was an employee of Hub Trucking at the time of the Crash.

26.

Rucker was acting within the course and scope of their employment with Hub Trucking at the time of the Crash.

27.

Rucker was an agent of Hub Trucking at the time of the Crash.

28.

Rucker was acting within the course and scope of their agency with Hub Trucking at the time of the Crash.

29.

Rucker was working with, for, or through Hub Trucking at the time of the Crash.

## DIRECT ACTION ALLEGATIONS

30.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

31.

The Tractor-Trailer was a commercial motor vehicle at the time of the Crash.

- 5 -

32.

Hub Group was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

33.

Hub Trucking was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

34.

Rucker was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

35.

At the time of the Crash, Hub Group, Hub Trucking, and/or Rucker were insured under a business auto liability insurance policy issued by Ace Insurance under policy number ISA H10758270 ("Insurance Policy").

36.

The Insurance Policy is a policy of indemnity insurance.

37.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to obtain a motor carrier certificate from the Georgia Department of Public Safety.

38.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to comply with O.C.G.A. § 40-1-112(a).

39.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to register as a motor carrier with the Georgia Department of Public Safety.

40.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to comply with O.C.G.A. § 40-2-140(d)(2).

41.

Hub Group and/or Hub Trucking filed a certificate with the Georgia Department of Public Safety as proof that it purchased the Insurance Policy.

42.

Plaintiff is a third-party beneficiary under the Insurance Policy.

43.

Plaintiff sustained actionable injuries as a result of the Crash.

44.

Ace Insurance is subject to direct action pursuant to O.C.G.A. § 40-1-112.

45.

Ace Insurance is subject to direct action pursuant to O.C.G.A. § 40-2-140.

## COUNT ONE – NEGLIGENCE

46.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

- 7 -

47.

Rucker owed a duty to Plaintiff to exercise reasonable care while operating the Tractor-Trailer.

48.

Rucker was negligent and failed to exercise reasonable care in at least one of the following ways:

(a)    following too closely behind Plaintiff's vehicle;

(b)    failing to operate the Tractor-Trailer with ordinary diligence;

(c)    failing to exercise due care in operating the Tractor-Trailer; and/or

(d)    failing to maintain a proper lookout while driving the Tractor-Trailer.

49.

Rucker's negligent acts and/or omissions proximately caused Plaintiff to suffer injuries and damages.

50.

Ace Insurance is liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

51.

Hub Group is vicariously liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

52.

HUB Trucking is vicariously liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

53.

Rucker is liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

## DAMAGES

54.

Plaintiff reasserts the preceding paragraphs as if fully restated here.

55.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states that she incurred past medical bills of at least $300,000 as a result of the Crash.

56.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states that she may need future medical care as a result of the Crash:

57.

Plaintiff also endured, and may continue to endure, pain and suffering, mental anguish, emotional distress, loss of the capacity for the enjoyment of life, diminished capacity to labor, and other general damages as a result of the Crash.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)    that Summons issue and service be perfected requiring Defendants to appear and answer this Complaint;

(b)    that Plaintiff have a trial by a twelve-person jury;

(c)    that a judgment be entered in Plaintiff's favor;

(d)    that Plaintiff recover past and future special damages in amounts to be proven at trial;

(e)    that Plaintiff recover past and future general damages in amounts to be decided at trial by the enlightened conscience of a fair and impartial jury;

(f)    that all costs of this action are taxed against Defendants; and

(g)    for such further relief as the Court deems fair and appropriate.

Respectfully submitted, this the 25th day of February, 2025.

**ILARDI LAW, LLC**

*/s/ Frank A. Ilardi*
Frank A. Ilardi
Georgia Bar No. 382028
*Counsel for Plaintiff*

1201 Peachtree Street, NE – Suite 2000
Atlanta, Georgia 30361
Phone/Fax: (470) 443-9060
Email: frank@ilawgeorgia.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HEATHER BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ 25-C-02235-S7 |
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| HUB GROUP, INC., | ) | |
| HUB GROUP TRUCKING, INC., | ) | |
| JE'KENDRICK CHADRELLE RUCKER, | ) | |
| and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

---

### PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT JE'KENDRICK CHADRELLE RUCKER

---

Plaintiff Heather Booth propounds the following Interrogatories, Request for Production of Documents and Requests for Admission to Defendant Je'Kendrick Chadrelle Rucker pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36.

### DEFINITIONS

"Plaintiff" refers to Plaintiff Heather Booth.

"Rucker" refers to Defendant Je'Kendrick Chadrelle Rucker.

"You" or "your" refers to Rucker.

"Ace Insurance" refers to Defendant Ace Insurance Company.

"Hub Group" refers to Defendant Hub Group, Inc.

"Hub Trucking" refers to Defendant Hub Group Trucking, Inc.

"Tractor-Trailer" refers to the power unit that you were driving, and the trailer you were hauling, on July 13, 2023.

"Ford" refers to the Ford pickup truck that Plaintiff was driving on July 13, 2023.

"Crash" refers to the collision between the front of the Tractor-Trailer and the back the Ford that happened on July 13, 2023.

"Insurance Policy" refers to the business auto liability insurance policy that Ace Insurance issued under policy number ISA H10758270.

## INTERROGATORIES

Pursuant to O.C.G.A. § 9-11-33(b)(2), an interrogatory may ask a party to state "an opinion or contention that relates to fact or to the application of law to fact...." Please answer the following questions in full and under oath:

1.

What was your full legal name on the date of the Crash?

2.

Please provide the name and telephone number for everyone who lived with you on the date of the Crash.

3.

Who owned the Tractor-Trailer at the time of the Crash?

4.

What was the gross vehicle weight or the gross combination weight of the Tractor-Trailer at the time of the Crash?

- 2 -

5.

Did the Tractor-Trailer have any of the following equipment:

(a)    dash-cam video recorder;

(b)    side camera video recorders;

(c)    messaging system such as Qualcomm, PeopleNet, DriverTech, Teletrac, Dynafleet, Xdata, XNet, MobileNet, or Fleetmatics;

(d)    collision warning / avoidance system(s);

(e)    speed monitoring device such as a tachograph or XataNet system;

(f)    event data recorder / "black box";

(g)    load tracking system;

(h)    GPS;

(i)    VORAD warning system; or

(j)    a device known by any other name that records information concerning operation of that vehicle.

Please answer "yes" or "no." If your answer is "yes," then please state the name and address of the person having custody of each such device and any data, printouts, or other evidence produced by said device(s) with regard to the Crash.

6.

Were you working, or performing a work-related errand or task, at the time of the Crash? Please answer "yes" or "no." If your answer is "yes," then please specify the name of your employer and the nature of the work-related errand or task you were performing.

7.

Please explain the nature of the relationship that existed between you and the following entities on the date of the Crash:

(a)    Hub Group;

(b)    Hub Trucking; and

(c)    Ace Insurance.

8.

Did Ace Insurance, Hub Group, and/or Hub Trucking provide you with any training on how to safely operate a commercial motor vehicle before the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the dates of all such training and state whether it was written or verbal.

9.

Where were you going to, and coming from, at the time of the Crash?

10.

Did you see the Ford before the Crash? Please answer "yes" or "no." If your answer is "yes," then please state both in time and distance how far away you were when you first saw that vehicle. If your answer is "no," then please explain why not.

11.

Were the brake lights on the Ford illuminated at the time of Crash?

12.

Were the reversing/backup lights on the Ford illuminated at the time of Crash?

- 4 -

13.

Please describe how and why the Crash happened.

14.

What was your personal and work cell phone number(s) and cellular service provider(s) on the date of the Crash?

15.

Were you using a cell phone for any purpose – such as navigation, listening to music, texting, or talking – at the time of the Crash? Please answer "yes" or "no." If your answer is "yes," then please identify each such use.

16.

What was the first text message you sent after the Crash, when was it sent, and to whom was it addressed?

17.

What was the first call you made from your cell phone after the Crash, when was that call made, and with whom did you talk?

18.

Did you call anyone at Ace Insurance, Hub Group, and/or Hub Trucking from the Crash scene to obtain the password for the dash camera? Please answer "yes" or "no." If your answer is "yes," then please provide the name of the person you called, that person's job title, and that person's phone number. If your answer is "no," then please explain why not.

19.

Please describe what, if any, efforts you made to preserve the dash camera video of the Crash.

20.

How many hours had you been driving at the time of the Crash?

21.

What was your work schedule on the date of the Crash and the preceding three days?

22.

Did you speak with Plaintiff at the scene of the Crash? Please answer "yes" or "no." If your answer is "yes," then please describe your conversation(s).

23.

Do you contend that Plaintiff caused or contributed to cause the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the factual basis for your contention.

24.

Do you contend that a person or entity that is not a party to this lawsuit caused or contributed to cause the Crash? Please answer "yes" or "no." If your answer is "yes," then please state the name and address of each such person or entity and provide the factual basis for your contention.

25.

Do you contend that there are any errors in the Georgia Motor Vehicle Crash Report regarding the Crash? Please answer "yes" or "no." If your answer is "yes," then please identify each error and provide the factual basis for your contention.

26.

Was anyone in the Tractor-Trailer with you when the Crash happened? Please answer "yes" or "no." If your answer is "yes," then please provide the name and phone number of each such person.

27.

Please provide the names, addresses, and telephone numbers for everyone who – to the best of your knowledge, information, or belief – witnessed the Crash.

28.

Did anyone you know come to the scene of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name and phone number of each such person.

29.

Please describe where you went immediately after the Crash.

30.

Were you sent for drug or alcohol testing as a result of the Crash? Please answer "yes" or "no." If the answer is "yes," then please state where each test was performed along with the result(s).

31.

Were you under the care of a doctor on the date of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name of each such doctor and the medical condition for which you were being treated.

32.

Were you taking any prescription medications on the date of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name of each medication, the purpose for which it was prescribed, the name and address of the prescribing physician, and the last time you took each medication before the Crash.

33.

Had you consumed any alcohol or illegal drugs during the 24 hours preceding the Crash? Please answer "yes" or "no." If your answer is "yes," then please state the type(s) and amount(s) of each form of alcohol and / or drug.

34.

Were you wearing, or supposed to wear, glasses or corrective lenses on the date of the Crash? Please answer "yes" or "no." If your answer is "yes," then please state whether you are near-sighted or far-sighted.

35.

Did you seek medical attention as a result of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name, addresses and phone number of each such medical provider.

36.

Did you file a worker's compensation claim as a result of the Crash? Please answer "yes" or "no." If your answer is "yes," then please state whether that claim is open or closed.

37.

Have you ever been convicted of a felony, a crime involving an act of dishonesty, or of making a false statement? Please answer "yes" or "no." If your answer is "yes," then please specify the crime(s) for which you were convicted, the date of each conviction, and the county in which you were sentenced.

38.

Do you have any social media accounts? Please answer "yes" or "no." If your answer is "yes," then please provide the name you use on each such account and the address to your public homepage(s).

39.

Has your driver's license ever been restricted, suspended or revoked? Please answer "yes" or "no." If your answer is "yes," then please identify the date of each such action against your license and the state in which it/they occurred.

40.

How much insurance coverage is available to satisfy part or all of a judgment which may be entered on Plaintiff's claims?

41.

Please provide the names and addresses for all insurance companies that may be liable to satisfy part or all of a judgment which may be entered on Plaintiff's claims.

42.

For each expert who you expect to call at trial, please provide:

(a)    the name, address and occupation of the witness;

(b)    the subject matter on which the expert is expected to testify;

(c)    the substance of the facts and opinions to which the expert is expected to testify; and

(d)    a summary of the grounds for the expert's opinions.

## DOCUMENT REQUESTS

Please produce the following materials, which can be sent by email to frank@ilawgeorgia.com:

1.

The full and complete insurance policy (**not just the declarations page**) from all primary or excess carriers that may be liable to satisfy part or all of a judgment which may be entered on Plaintiff's claims. *See* O.C.G.A. § 9-11-26(b)(2) (allowing for "discovery of the existence and contents" of insurance agreements).

2.

All documents which created or defined the relationship that existed between you and the following entities on the date of the Crash:

(a)    Hub Group;

- 10 -

(b)    Hub Trucking; and

(c)    Ace Insurance.

3.

**Color copies** of all photographs that were taken of the Tractor-Trailer as a result of the Crash.

4.

All photos that you took at the scene of the Crash.

5.

All cell phone videos that you took at the scene of the Crash.

6.

All estimates to repair the Tractor-Trailer as a result of the Crash.

7.

The results of all event data recording/"black box" downloads from the Tractor-Trailer that were performed in connection with the Crash.

8.

The footage from all cameras in or on the Tractor-Trailer starting one hour before the Crash through and including the Crash and then until one hour after the Crash.

9.

The registrations for the Tractor-Trailer for 2021, 2022, and 2023.

10.

Documents establishing the gross vehicle weight rating or gross combination weight rating of the Tractor-Trailer at the time of the Crash.

- 11 -

11.

**Color copies** of the front and back of your driver's license.

12.

Your DOT Medical Examination Report Forms for the 3 years preceding the Crash.

13.

Your Commercial Driver Medical Certification Card for the date of the Crash.

14.

**Color copies** of all photographs that were taken of the Ford as a result of the Crash.

15.

All estimates to repair the Ford as a result of the Crash.

16.

All statements that you gave with regard to the Crash.

17.

All statements that you and/or your agents obtained from Plaintiff about the Crash.

18.

All photos / videos that you or your agents have taken of Plaintiff since the Crash.

19.

All documents you obtain from Plaintiff's healthcare providers.

20.

All documents on which you relied for your responses to Plaintiff's Interrogatories and all documents identified in such responses.

- 12 -

21.

All documents on which you relied for your responses to Plaintiff's Requests for Admission.

22.

All documents that support any affirmative defense raised in your Answer.

23.

All documents that form the basis for the opinions of each expert witness who you expect to call at trial.

24.

All documents that you intend to introduce into evidence at trial.

25.

If you withheld information or documents based on an assertion that they are privileged, then please produce a privilege log describing the nature of the information/documents with sufficient specificity for Plaintiff to assess the privilege claim.

## REQUESTS FOR ADMISSION

Pursuant to *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327 (1997), requests for admission may require the respondent to apply law to facts and then provide opinions or conclusions of law. Please admit or deny the following requests:

1.

The State Court of Gwinnett County has subject matter jurisdiction in this case.

2.

The State Court of Gwinnett County has jurisdiction over you in this case.

- 13 -

3.

Venue is proper in Gwinnett County.

4.

You were properly served with a Summons and a copy of the Complaint.

5.

Your name as at it appears in the Complaint is correct.

6.

You were a motor carrier at the time of the Crash.

7.

You were an employee of Hub Group at the time of the Crash.

8.

You were acting within the course and scope of your employment with Hub Group at the time of the Crash.

9.

You were an agent of Hub Group at the time of the Crash.

10.

You were acting within the course and scope of your agency with Hub Group at the time of the Crash.

11.

You were working with, for, or through Hub Group at the time of the Crash.

12.

You were an employee of Hub Trucking at the time of the Crash.

- 14 -

13.

You were acting within the course and scope of your employment with Hub Trucking at the time of the Crash.

14.

You were an agent of Hub Trucking at the time of the Crash.

15.

You were acting within the course and scope of your agency with Hub Trucking at the time of the Crash.

16.

You were working with, for, or through Hub Trucking at the time of the Crash.

17.

The Tractor-Trailer was equipped with a dash camera at the time of the Crash.

18.

The dash camera in the Tractor-Trailer was functioning at the time of the Crash.

19.

The dash camera in the Tractor-Trailer recorded the Crash.

20.

Footage from the dash camera in the Tractor-Trailer shows that the Ford was not moving backward at the time of the Crash.

21.

You lied to the police about how the Crash happened.

22.

You owed a duty to Plaintiff to operate the Tractor-Trailer in accordance with the Uniform Rules of the Road as codified in O.C.G.A. § 40-6-1 *et seq.*

23.

You admit liability for the Crash.

24.

You are not disputing liability for the Crash.

25.

You are 100% at fault for causing the Crash.

26.

You were negligent in causing the Crash.

27.

You admit simple negligence in causing the Crash.

28.

You were the sole proximate cause of the Crash.

29.

You owed a duty to Plaintiff to maintain a safe distance between the Tractor-Trailer and the Ford.

30.

You were following too closely behind the Ford at the time of the Crash.

31.

You caused the Crash by following too closely behind the Ford.

- 16 -

32.

You owed a duty to Plaintiff to exercise ordinary diligence while operating the Tractor-Trailer.

33.

You failed to use ordinary diligence while operating the Tractor-Trailer at the time of the Crash.

34.

You caused the Crash by failing to use ordinary diligence while operating the Tractor-Trailer.

35.

You owed a duty to Plaintiff to exercise due care while operating the Tractor-Trailer.

36.

You failed to exercise due care while operating the Tractor-Trailer at the time of the Crash.

37.

You caused the Crash by failing to exercise due care while operating the Tractor-Trailer.

38.

You owed a duty to Plaintiff to maintain a proper lookout while operating the Tractor-Trailer.

- 17 -

39.

You failed to maintain a proper lookout while driving at the time of the Crash.

40.

You caused the Crash by failing to maintain a proper lookout while driving.

41.

Plaintiff was injured as a result of the Crash.

42.

Your negligence proximately caused Plaintiff to suffer physical injuries as a result of the Crash.

43.

Your negligence proximately caused Plaintiff to incur medical bills as a result of the Crash.

44.

Plaintiff could not have avoided the Crash.

45.

Plaintiff is not at fault for causing the Crash.

46.

Plaintiff did not contribute to cause the Crash.

47.

The Ford was not moving backward at the time of the Crash.

48.

No person who is not a party to this lawsuit caused the Crash.

- 18 -

49.

No person who is not a party to this lawsuit contributed to cause the Crash.

50.

No entity that is not a party to this lawsuit caused the Crash.

51.

No entity that is not a party to this lawsuit caused the Crash.

52.

You have produced all non-privileged materials in your possession, custody or control that are responsive to Plaintiff's document requests.

This the 25th day of February, 2025.

**ILARDI LAW, LLC**

/s/ Frank A. Ilardi
Frank A. Ilardi
Georgia Bar No. 382028
*Counsel for Plaintiff*

1201 Peachtree Street, NE – Suite 2000
Atlanta, Georgia 30361
Phone/Fax: (470) 443-9060
Email: frank@ilawgeorgia.com

- 19 -

E-FILED IN OFFICE - JM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**3/3/2025 2:48 PM**
**TIANA P. GARNER, CLERK**

Control Number : SOP-25-045316

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
### 313 West Tower
### 2 Martin Luther King, Jr. Dr.
### Atlanta, Georgia 30334-1530

## CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Je' Kendrick Chadrelle Rucker**

have been filed with the Secretary of State on 02/27/2025 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Heather Booth v. Je' Kendrick Chadrelle Rucker
Court: Gwinnett County State Court
Civil Action No.: 25-C-02235-S7

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 03/03/2025.



Brad Raffensperger
Secretary of State



**ILARDI LAW, LLC**
1201 Peachtree Street, NE - Suite 2000
Atlanta, Georgia 30361
www.ilawgeorgia.com

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2025 FEB 27  AM 11: 20

BY FEDEX – February 26, 2025

Brad Raffensperger
Georgia Secretary of State
2 Martin Luther King, Jr. Drive, SW
Suite 313, Floyd West Tower
Atlanta, Georgia 30334

Re:     Booth v. Ace American Ins. Co., et al - **Service on Non-Resident Motorist**

Dear Secretary Raffensperger:

Pursuant to the Georgia Non-Resident Motorist Act (O.C.G.A. § 40-12-1 *et seq.*),
please find enclosed the following materials for your acceptance:

1.     Summons and Complaint;
2.     Plaintiff's Interrogatories, Request for Production of Documents, and
       Request for Admissions to Defendant; and
3.     Form SOP-1 with a check in the amount of $10.00 as payment to your office
       for accepting service.

The Certificate of Acknowledgement can be sent to me at the above address.
Pursuant to O.C.G.A. § 40-12-5, please also certify to the State Court of Gwinnett County
that the above items have been filed in your office.

Regards,

Frank A. Ilardi

Encs.
cc:     Je'Kendrick Chadrelle Rucker (w/encs)

---

phone: 470-443-9060   ▪   fax: 470-443-9060   ▪   email: frank@ilawgeorgia.com



**OFFICE OF SECRETARY OF STATE**
CORPORATIONS DIVISION
2 Martin Luther King Jr. Dr.
Suite 313 West Tower
Atlanta, Georgia 30334
(404) 656-2817

RECEIVED
SECRETARY OF STATE
INTAKE DIVISION

2025 FEB 27 AM II: 20

## SERVICE OF PROCESS, NOTICE, OR DEMAND
## ON THE SECRETARY OF STATE AS STATUTORY AGENT

1. **Case Information.** The service of process being made relates to the following proceeding:

   Style of Proceeding: **Heather Booth v. Ace American Ins. Co., et al**
   (e.g. name of the plaintiff vs. name of the defendant, or In the matter of..., etc.)

   Civil Action No./File No.: **25-C-02235-S7**

   Court: **State Court of Gwinnett County**
   (The name of court the proceeding is pending in.)

2. **Statutory Authority.** Service is being made on the Secretary of State pursuant to the following Official Code of Georgia Annotated ("O.C.G.A.") section:

   ☐ O.C.G.A. § 9-11-4(e)(1)*  ☐ O.C.G.A. § 14-8-46(i)*  ☐ O.C.G.A. § 14-11-209(f)*
   ☐ O.C.G.A. § 14-2-1510(b)  ☐ O.C.G.A. § 14-8-50(c)  ☐ O.C.G.A. § 14-11-703(h)*
   ☐ O.C.G.A. § 14-2-1520(c)  ☐ O.C.G.A. § 14-8-52(d)  ☐ O.C.G.A. § 14-11-707(c)
   ☐ O.C.G.A. § 14-2-1531(d)  ☐ O.C.G.A. § 14-9-104(g)*  ☐ O.C.G.A. § 14-11-709(d)
   ☐ O.C.G.A. § 14-3-1510(b)  ☐ O.C.G.A. § 14-9-902.1(i)*  ☒ O.C.G.A. § 40-12-2*
   ☐ O.C.G.A. § 14-3-1520(c)  ☐ O.C.G.A. § 14-9-906  ☐ O.C.G.A. § 40-1-117
   ☐ O.C.G.A. § 14-3-1531(d)  ☐ Other: O.C.G.A. _____

   Note: Asterisk (*) denotes that a certified writing or affidavit is required.

3. **Defendant Information.** Pursuant to the foregoing statutory authority, the Secretary of State is being served as statutory agent for:

   Name of Business Entity or Individual: **Je'Kendrick Chadrelle Rucker**

   Business Entity Control Number (if applicable): **N/A**

   The registered agent's or defendant's address where service forwarded to or sheriff attempted service:

   **351 Crossing Boulevard, Apt. 326, Orange Park, Florida 32073**

4. **Filer's Information.** Person requesting service and to whom the Certificate of Acknowledgment or rejection/deficiency notice is to be sent:

   Name: **Frank Ilardi**

   Address: **1201 Peachtree Street, NE, Suite 2000**

   **Atlanta, GA 30361**

   Email: **frank@ilawgeorgia.com**

Form SOP-1
(Rev.6/2018)

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| HEATHER BOOTH,<br><br>       Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE COMPANY,<br>HUB GROUP, INC.,<br>HUB GROUP TRUCKING, INC.,<br>JE'KENDRICK CHADRELLE RUCKER,<br>and JOHN DOES 1-5,<br><br>       Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

CIVIL ACTION FILE
NO. 25-C-02235-S7

---

## AFFIDAVIT OF COMPLIANCE FOR SERVICE UNDER
## THE NON-RESIDENT MOTORIST STATUTE

---

Pursuant to O.C.G.A. § 40-12-2, I certify that the Summons, Complaint, Plaintiff's Interrogatories, Request for Production of Documents and Request for Admissions, and this Affidavit of Compliance for Service, were served today by statutory overnight delivery (Federal Express) to the following recipients:

1.     Je'Kendrick Chadrelle Rucker, 351 Crossing Boulevard, Apt. 326, Orange Park, Florida 32073; and

2.     Brad Raffensperger, Georgia Secretary of State, 2 Martin Luther King, Jr. Drive, SE, Suite 313, Floyd West Tower, Atlanta, GA 30334.

This the 26th day of February, 2025.

ILARDI LAW, LLC

Frank A. Ilardi
Georgia Bar No. 382028
*Counsel for Plaintiff*

1201 Peachtree Street, NE - Suite 2000
Atlanta, Georgia 30361
Phone / Fax: (470) 443-9060
E-mail: frank@ilawgeorgia.com

Sworn to and subscribed before me this
the 26th day of February , 2025

_____
Notary Public

STEPHANIE OWENS
NOTARY
EXPIRES
GEORGIA
OCT. 29, 2028
PUBLIC
FULTON COUNTY

-2-

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/25/2025 9:45 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

## Heather Booth,

_____

_____

                    PLAINTIFF

                    VS.

## Ace American Insurance Company,

**Hub Group, Inc., Hub Group Trucking, Inc.,**

**Je'Kendrick Chadrelle Rucker, and John Does 1-5,**

                    DEFENDANT

CIVIL ACTION
NUMBER:_____    25-C-02235-S7

To: Je'Kendrick Chadrelle Rucker
351 Crossing Boulevard, Apt. 326
Orange Park, FL 32073

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Frank A. Ilardi
1201 Peachtree St. NE
Suite 2000
Atlanta, GA 30361

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20_____.

25th day of February, 2025

Tiana P. Garner
**Clerk of State Court**

By_____
       **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/25/2025 9:45 AM**
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| HEATHER BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| ACE AMERICAN INSURANCE COMPANY, | ) | 25-C-02235-S7 |
| HUB GROUP, INC., | ) | |
| HUB GROUP TRUCKING, INC., | ) | |
| JE'KENDRICK CHADRELLE RUCKER, | ) | |
| and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff brings this lawsuit to recover damages for injuries she suffered when her vehicle was hit from behind by a tractor-trailer.

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Heather Booth ("Plaintiff") resides in Georgia. By filing this lawsuit, Plaintiff submits to the jurisdiction of this Court and to venue in Gwinnett Chatham County.

2.

Defendant Ace American Insurance Company ("Ace Insurance") is a foreign insurance company that is registered to do business in Georgia and can be served through

its registered agent, CT Corporation System, at 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

3.

Defendant Hub Group, Inc. ("Hub Group") is a foreign corporation that is registered to do business in Georgia and can served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Defendant Hub Group Trucking, Inc. ("Hub Trucking") is a foreign corporation that is registered to do business in Georgia and can served through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Gwinnett County, Georgia 30092.

5.

Defendant Je'Kendrick Chadrelle Rucker ("Rucker")[1] resides in Florida and committed a tortious act while driving in Georgia. Rucker can be served under the Georgia Nonresident Motorist Act (O.C.G.A. § 40-12-1(a)) by delivering the Summons and Complaint to the Georgia Secretary of State and mailing copies to Defendant's last known home address at 351 Crossing Boulevard, Apartment 326, Orange Park, Florida 32073.

---

[1]    Ace Insurance, Hub Group, Hub Trucking, and Rucker are referred to collectively as "Defendants."

6.

Defendants John Does 1-5 are presently unknown persons and/or entities whose negligent acts and/or omissions caused, or contributed to cause, Plaintiff's injuries and damages.

7.

This Court has personal jurisdiction over Ace Insurance.

8.

This Court has personal jurisdiction over Hub Group.

9.

This Court has personal jurisdiction over Hub Trucking.

10.

This Court has personal jurisdiction over Rucker.

11.

This Court has jurisdiction over the subject matter of this lawsuit.

12.

Venue is proper in Gwinnett County pursuant to O.C.G.A. § 14-2-510(b)(4).

**FACTS**

13.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

14.

Rucker was driving a power unit and hauling a trailer ("Tractor-Trailer") on July 13, 2023 when they drove into the back of Plaintiff's vehicle on SR 21 ("Crash").

- 3 -

15.

Plaintiff's head, neck, right shoulder, and back were injured as a result of the Crash.

## RESPONDEAT SUPERIOR ALLEGATIONS
(Hub Group)

16.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

17.

Hub Group owned the Tractor-Trailer at the time of the Crash.

18.

Rucker was an employee of Hub Group at the time of the Crash.

19.

Rucker was acting within the course and scope of their employment with Hub Group at the time of the Crash.

20.

Rucker was an agent of Hub Group at the time of the Crash.

21.

Rucker was acting within the course and scope of their agency with Hub Group at the time of the Crash.

22.

Rucker was working with, for, or through Hub Group at the time of the Crash.

- 4 -

## RESPONDEAT SUPERIOR ALLEGATIONS
(Hub Trucking)

23.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

24.

Hub Trucking owned the Tractor-Trailer at the time of the Crash.

25.

Rucker was an employee of Hub Trucking at the time of the Crash.

26.

Rucker was acting within the course and scope of their employment with Hub Trucking at the time of the Crash.

27.

Rucker was an agent of Hub Trucking at the time of the Crash.

28.

Rucker was acting within the course and scope of their agency with Hub Trucking at the time of the Crash.

29.

Rucker was working with, for, or through Hub Trucking at the time of the Crash.

## DIRECT ACTION ALLEGATIONS

30.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

31.

The Tractor-Trailer was a commercial motor vehicle at the time of the Crash.

- 5 -

32.

Hub Group was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

33.

Hub Trucking was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

34.

Rucker was a "motor carrier" – as that term is defined under federal and Georgia law – at the time of the Crash.

35.

At the time of the Crash, Hub Group, Hub Trucking, and/or Rucker were insured under a business auto liability insurance policy issued by Ace Insurance under policy number ISA H10758270 ("Insurance Policy").

36.

The Insurance Policy is a policy of indemnity insurance.

37.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to obtain a motor carrier certificate from the Georgia Department of Public Safety.

38.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to comply with O.C.G.A. § 40-1-112(a).

- 6 -

39.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to register as a motor carrier with the Georgia Department of Public Safety.

40.

Having the Insurance Policy enabled Hub Group and/or Hub Trucking to comply with O.C.G.A. § 40-2-140(d)(2).

41.

Hub Group and/or Hub Trucking filed a certificate with the Georgia Department of Public Safety as proof that it purchased the Insurance Policy.

42.

Plaintiff is a third-party beneficiary under the Insurance Policy.

43.

Plaintiff sustained actionable injuries as a result of the Crash.

44.

Ace Insurance is subject to direct action pursuant to O.C.G.A. § 40-1-112.

45.

Ace Insurance is subject to direct action pursuant to O.C.G.A. § 40-2-140.

## COUNT ONE – NEGLIGENCE

46.

Plaintiff incorporates the preceding paragraphs as if fully restated here.

- 7 -

47.

Rucker owed a duty to Plaintiff to exercise reasonable care while operating the Tractor-Trailer.

48.

Rucker was negligent and failed to exercise reasonable care in at least one of the following ways:

(a)     following too closely behind Plaintiff's vehicle;

(b)     failing to operate the Tractor-Trailer with ordinary diligence;

(c)     failing to exercise due care in operating the Tractor-Trailer; and/or

(d)     failing to maintain a proper lookout while driving the Tractor-Trailer.

49.

Rucker's negligent acts and/or omissions proximately caused Plaintiff to suffer injuries and damages.

50.

Ace Insurance is liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

51.

Hub Group is vicariously liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

- 8 -

52.

HUB Trucking is vicariously liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

53.

Rucker is liable to Plaintiff for, and responsible for payment of, her special and general damages that were proximately caused by Rucker's negligent acts and/or omissions.

## DAMAGES

54.

Plaintiff reasserts the preceding paragraphs as if fully restated here.

55.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states that she incurred past medical bills of at least $300,000 as a result of the Crash.

56.

Pursuant to O.C.G.A. § 9-11-9(g), Plaintiff states that she may need future medical care as a result of the Crash:

57.

Plaintiff also endured, and may continue to endure, pain and suffering, mental anguish, emotional distress, loss of the capacity for the enjoyment of life, diminished capacity to labor, and other general damages as a result of the Crash.

-9-

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)   that Summons issue and service be perfected requiring Defendants to appear and answer this Complaint;

(b)   that Plaintiff have a trial by a twelve-person jury;

(c)   that a judgment be entered in Plaintiff's favor;

(d)   that Plaintiff recover past and future special damages in amounts to be proven at trial;

(e)   that Plaintiff recover past and future general damages in amounts to be decided at trial by the enlightened conscience of a fair and impartial jury;

(f)   that all costs of this action are taxed against Defendants; and

(g)   for such further relief as the Court deems fair and appropriate.

Respectfully submitted, this the 25th day of February, 2025.

ILARDI LAW, LLC

/s/ Frank A. Ilardi
Frank A. Ilardi
Georgia Bar No. 382028
Counsel for Plaintiff

1201 Peachtree Street, NE – Suite 2000
Atlanta, Georgia 30361
Phone/Fax: (470) 443-9060
Email: frank@ilawgeorgia.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HEATHER BOOTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ 25-C-02235-S7 |
| ACE AMERICAN INSURANCE COMPANY, | ) | |
| HUB GROUP, INC., | ) | |
| HUB GROUP TRUCKING, INC., | ) | |
| JE'KENDRICK CHADRELLE RUCKER, | ) | |
| and JOHN DOES 1-5, | ) | |
| | ) | |
| Defendants. | ) | |

---

## PLAINTIFF'S INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO DEFENDANT JE'KENDRICK CHADRELLE RUCKER

---

Plaintiff Heather Booth propounds the following Interrogatories, Request for Production of Documents and Requests for Admission to Defendant Je'Kendrick Chadrelle Rucker pursuant to O.C.G.A. §§ 9-11-33, 9-11-34 and 9-11-36.

### DEFINITIONS

"Plaintiff" refers to Plaintiff Heather Booth.

"Rucker" refers to Defendant Je'Kendrick Chadrelle Rucker.

"You" or "your" refers to Rucker.

"Ace Insurance" refers to Defendant Ace Insurance Company.

"Hub Group" refers to Defendant Hub Group, Inc.

"Hub Trucking" refers to Defendant Hub Group Trucking, Inc.

"Tractor-Trailer" refers to the power unit that you were driving, and the trailer you were hauling, on July 13, 2023.

"Ford" refers to the Ford pickup truck that Plaintiff was driving on July 13, 2023.

"Crash" refers to the collision between the front of the Tractor-Trailer and the back the Ford that happened on July 13, 2023.

"Insurance Policy" refers to the business auto liability insurance policy that Ace Insurance issued under policy number ISA H10758270.

## INTERROGATORIES

Pursuant to O.C.G.A. § 9-11-33(b)(2), an interrogatory may ask a party to state "an opinion or contention that relates to fact or to the application of law to fact...." Please answer the following questions in full and under oath:

1.

What was your full legal name on the date of the Crash?

2.

Please provide the name and telephone number for everyone who lived with you on the date of the Crash.

3.

Who owned the Tractor-Trailer at the time of the Crash?

4.

What was the gross vehicle weight or the gross combination weight of the Tractor-Trailer at the time of the Crash?

- 2 -

5.

Did the Tractor-Trailer have any of the following equipment:

(a)  dash-cam video recorder;

(b)  side camera video recorders;

(c)  messaging system such as Qualcomm, PeopleNet, DriverTech, Teletrac, Dynafleet, Xdata, XNet, MobileNet, or Fleetmatics;

(d)  collision warning / avoidance system(s);

(e)  speed monitoring device such as a tachograph or XataNet system;

(f)  event data recorder / "black box";

(g)  load tracking system;

(h)  GPS;

(i)  VORAD warning system; or

(j)  a device known by any other name that records information concerning operation of that vehicle.

Please answer "yes" or "no." If your answer is "yes," then please state the name and address of the person having custody of each such device and any data, printouts, or other evidence produced by said device(s) with regard to the Crash.

6.

Were you working, or performing a work-related errand or task, at the time of the Crash? Please answer "yes" or "no." If your answer is "yes," then please specify the name of your employer and the nature of the work-related errand or task you were performing.

- 3 -

7.

Please explain the nature of the relationship that existed between you and the following entities on the date of the Crash:

(a)    Hub Group;

(b)    Hub Trucking; and

(c)    Ace Insurance.

8.

Did Ace Insurance, Hub Group, and/or Hub Trucking provide you with any training on how to safely operate a commercial motor vehicle before the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the dates of all such training and state whether it was written or verbal.

9.

Where were you going to, and coming from, at the time of the Crash?

10.

Did you see the Ford before the Crash? Please answer "yes" or "no." If your answer is "yes," then please state both in time and distance how far away you were when you first saw that vehicle. If your answer is "no," then please explain why not.

11.

Were the brake lights on the Ford illuminated at the time of Crash?

12.

Were the reversing/backup lights on the Ford illuminated at the time of Crash?

- 4 -

13.

Please describe how and why the Crash happened.

14.

What was your personal and work cell phone number(s) and cellular service provider(s) on the date of the Crash?

15.

Were you using a cell phone for any purpose – such as navigation, listening to music, texting, or talking – at the time of the Crash? Please answer "yes" or "no." If your answer is "yes," then please identify each such use.

16.

What was the first text message you sent after the Crash, when was it sent, and to whom was it addressed?

17.

What was the first call you made from your cell phone after the Crash, when was that call made, and with whom did you talk?

18.

Did you call anyone at Ace Insurance, Hub Group, and/or Hub Trucking from the Crash scene to obtain the password for the dash camera? Please answer "yes" or "no." If your answer is "yes," then please provide the name of the person you called, that person's job title, and that person's phone number. If your answer is "no," then please explain why not.

- 5 -

19.

Please describe what, if any, efforts you made to preserve the dash camera video of the Crash.

20.

How many hours had you been driving at the time of the Crash?

21.

What was your work schedule on the date of the Crash and the preceding three days?

22.

Did you speak with Plaintiff at the scene of the Crash? Please answer "yes" or "no." If your answer is "yes," then please describe your conversation(s).

23.

Do you contend that Plaintiff caused or contributed to cause the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the factual basis for your contention.

24.

Do you contend that a person or entity that is not a party to this lawsuit caused or contributed to cause the Crash? Please answer "yes" or "no." If your answer is "yes," then please state the name and address of each such person or entity and provide the factual basis for your contention.

25.

Do you contend that there are any errors in the Georgia Motor Vehicle Crash Report regarding the Crash? Please answer "yes" or "no." If your answer is "yes," then please identify each error and provide the factual basis for your contention.

26.

Was anyone in the Tractor-Trailer with you when the Crash happened? Please answer "yes" or "no." If your answer is "yes," then please provide the name and phone number of each such person.

27.

Please provide the names, addresses, and telephone numbers for everyone who – to the best of your knowledge, information, or belief – witnessed the Crash.

28.

Did anyone you know come to the scene of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name and phone number of each such person.

29.

Please describe where you went immediately after the Crash.

30.

Were you sent for drug or alcohol testing as a result of the Crash? Please answer "yes" or "no." If the answer is "yes," then please state where each test was performed along with the result(s).

- 7 -

31.

Were you under the care of a doctor on the date of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name of each such doctor and the medical condition for which you were being treated.

32.

Were you taking any prescription medications on the date of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name of each medication, the purpose for which it was prescribed, the name and address of the prescribing physician, and the last time you took each medication before the Crash.

33.

Had you consumed any alcohol or illegal drugs during the 24 hours preceding the Crash? Please answer "yes" or "no." If your answer is "yes," then please state the type(s) and amount(s) of each form of alcohol and /or drug.

34.

Were you wearing, or supposed to wear, glasses or corrective lenses on the date of the Crash? Please answer "yes" or "no." If your answer is "yes," then please state whether you are near-sighted or far-sighted.

35.

Did you seek medical attention as a result of the Crash? Please answer "yes" or "no." If your answer is "yes," then please provide the name, addresses and phone number of each such medical provider.

- 8 -

36.

Did you file a worker's compensation claim as a result of the Crash? Please answer "yes" or "no." If your answer is "yes," then please state whether that claim is open or closed.

37.

Have you ever been convicted of a felony, a crime involving an act of dishonesty, or of making a false statement? Please answer "yes" or "no." If your answer is "yes," then please specify the crime(s) for which you were convicted, the date of each conviction, and the county in which you were sentenced.

38.

Do you have any social media accounts? Please answer "yes" or "no." If your answer is "yes," then please provide the name you use on each such account and the address to your public homepage(s).

39.

Has your driver's license ever been restricted, suspended or revoked? Please answer "yes" or "no." If your answer is "yes," then please identify the date of each such action against your license and the state in which it/they occurred.

40.

How much insurance coverage is available to satisfy part or all of a judgment which may be entered on Plaintiff's claims?

- 9 -

41.

Please provide the names and addresses for all insurance companies that may be liable to satisfy part or all of a judgment which may be entered on Plaintiff's claims.

42.

For each expert who you expect to call at trial, please provide:

(a)    the name, address and occupation of the witness;

(b)    the subject matter on which the expert is expected to testify;

(c)    the substance of the facts and opinions to which the expert is expected to testify; and

(d)    a summary of the grounds for the expert's opinions.

## DOCUMENT REQUESTS

Please produce the following materials, which can be sent by email to frank@ilawgeorgia.com:

1.

The full and complete insurance policy (**not just the declarations page**) from all primary or excess carriers that may be liable to satisfy part or all of a judgment which may be entered on Plaintiff's claims. *See* O.C.G.A. § 9-11-26(b)(2) (allowing for "discovery of the existence and contents" of insurance agreements).

2.

All documents which created or defined the relationship that existed between you and the following entities on the date of the Crash:

(a)    Hub Group;

- 10 -

(b)     Hub Trucking; and

(c)     Ace Insurance.

3.

**Color copies** of all photographs that were taken of the Tractor-Trailer as a result of the Crash.

4.

All photos that you took at the scene of the Crash.

5.

All cell phone videos that you took at the scene of the Crash.

6.

All estimates to repair the Tractor-Trailer as a result of the Crash.

7.

The results of all event data recording/"black box" downloads from the Tractor-Trailer that were performed in connection with the Crash.

8.

The footage from all cameras in or on the Tractor-Trailer starting one hour before the Crash through and including the Crash and then until one hour after the Crash.

9.

The registrations for the Tractor-Trailer for 2021, 2022, and 2023.

10.

Documents establishing the gross vehicle weight rating or gross combination weight rating of the Tractor-Trailer at the time of the Crash.

- 11 -

11.

**Color copies** of the front and back of your driver's license.

12.

Your DOT Medical Examination Report Forms for the 3 years preceding the Crash.

13.

Your Commercial Driver Medical Certification Card for the date of the Crash.

14.

**Color copies** of all photographs that were taken of the Ford as a result of the Crash.

15.

All estimates to repair the Ford as a result of the Crash.

16.

All statements that you gave with regard to the Crash.

17.

All statements that you and/or your agents obtained from Plaintiff about the Crash.

18.

All photos / videos that you or your agents have taken of Plaintiff since the Crash.

19.

All documents you obtain from Plaintiff's healthcare providers.

20.

All documents on which you relied for your responses to Plaintiff's Interrogatories and all documents identified in such responses.

- 12 -

21.

All documents on which you relied for your responses to Plaintiff's Requests for Admission.

22.

All documents that support any affirmative defense raised in your Answer.

23.

All documents that form the basis for the opinions of each expert witness who you expect to call at trial.

24.

All documents that you intend to introduce into evidence at trial.

25.

If you withheld information or documents based on an assertion that they are privileged, then please produce a privilege log describing the nature of the information/ documents with sufficient specificity for Plaintiff to assess the privilege claim.

## REQUESTS FOR ADMISSION

Pursuant to *G.H. Bass & Co. v. Fulton County Bd. of Tax Assessors*, 268 Ga. 327 (1997), requests for admission may require the respondent to apply law to facts and then provide opinions or conclusions of law. Please admit or deny the following requests:

1.

The State Court of Gwinnett County has subject matter jurisdiction in this case.

2.

The State Court of Gwinnett County has jurisdiction over you in this case.

- 13 -

3.

Venue is proper in Gwinnett County.

4.

You were properly served with a Summons and a copy of the Complaint.

5.

Your name as at it appears in the Complaint is correct.

6.

You were a motor carrier at the time of the Crash.

7.

You were an employee of Hub Group at the time of the Crash.

8.

You were acting within the course and scope of your employment with Hub Group at the time of the Crash.

9.

You were an agent of Hub Group at the time of the Crash.

10.

You were acting within the course and scope of your agency with Hub Group at the time of the Crash.

11.

You were working with, for, or through Hub Group at the time of the Crash.

12.

You were an employee of Hub Trucking at the time of the Crash.

- 14 -

13.

You were acting within the course and scope of your employment with Hub Trucking at the time of the Crash.

14.

You were an agent of Hub Trucking at the time of the Crash.

15.

You were acting within the course and scope of your agency with Hub Trucking at the time of the Crash.

16.

You were working with, for, or through Hub Trucking at the time of the Crash.

17.

The Tractor-Trailer was equipped with a dash camera at the time of the Crash.

18.

The dash camera in the Tractor-Trailer was functioning at the time of the Crash.

19.

The dash camera in the Tractor-Trailer recorded the Crash.

20.

Footage from the dash camera in the Tractor-Trailer shows that the Ford was not moving backward at the time of the Crash.

21.

You lied to the police about how the Crash happened.

- 15 -

22.

You owed a duty to Plaintiff to operate the Tractor-Trailer in accordance with the Uniform Rules of the Road as codified in O.C.G.A. § 40-6-1 *et seq.*

23.

You admit liability for the Crash.

24.

You are not disputing liability for the Crash.

25.

You are 100% at fault for causing the Crash.

26.

You were negligent in causing the Crash.

27.

You admit simple negligence in causing the Crash.

28.

You were the sole proximate cause of the Crash.

29.

You owed a duty to Plaintiff to maintain a safe distance between the Tractor-Trailer and the Ford.

30.

You were following too closely behind the Ford at the time of the Crash.

31.

You caused the Crash by following too closely behind the Ford.

- 16 -

32.

You owed a duty to Plaintiff to exercise ordinary diligence while operating the Tractor-Trailer.

33.

You failed to use ordinary diligence while operating the Tractor-Trailer at the time of the Crash.

34.

You caused the Crash by failing to use ordinary diligence while operating the Tractor-Trailer.

35.

You owed a duty to Plaintiff to exercise due care while operating the Tractor-Trailer.

36.

You failed to exercise due care while operating the Tractor-Trailer at the time of the Crash.

37.

You caused the Crash by failing to exercise due care while operating the Tractor-Trailer.

38.

You owed a duty to Plaintiff to maintain a proper lookout while operating the Tractor-Trailer.

- 17 -

39.

You failed to maintain a proper lookout while driving at the time of the Crash.

40.

You caused the Crash by failing to maintain a proper lookout while driving.

41.

Plaintiff was injured as a result of the Crash.

42.

Your negligence proximately caused Plaintiff to suffer physical injuries as a result of the Crash.

43.

Your negligence proximately caused Plaintiff to incur medical bills as a result of the Crash.

44.

Plaintiff could not have avoided the Crash.

45.

Plaintiff is not at fault for causing the Crash.

46.

Plaintiff did not contribute to cause the Crash.

47.

The Ford was not moving backward at the time of the Crash.

48.

No person who is not a party to this lawsuit caused the Crash.

- 18 -

49.

No person who is not a party to this lawsuit contributed to cause the Crash.

50.

No entity that is not a party to this lawsuit caused the Crash.

51.

No entity that is not a party to this lawsuit caused the Crash.

52.

You have produced all non-privileged materials in your possession, custody or control that are responsive to Plaintiff's document requests.

This the 25th day of February, 2025.

ILARDI LAW, LLC

/s/ Frank A. Ilardi
Frank A. Ilardi
Georgia Bar No. 382028
*Counsel for Plaintiff*

1201 Peachtree Street, NE – Suite 2000
Atlanta, Georgia 30361
Phone/Fax: (470) 443-9060
Email: frank@ilawgeorgia.com

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

# Heather Booth,

25-C-02235-S7

CIVIL ACTION
NUMBER:_____

PLAINTIFF

VS.

**Ace American Insurance Company,**

**Hub Group, Inc., Hub Group Trucking, Inc.,**

**Je'Kendrick Chadrelle Rucker, and John Does 1-5,**

To: Ace American Insurance Company
c/o CT Corporation System
289 S. Culver Street
Lawrenceville, GA 30046

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Frank A. Ilardi
1201 Peachtree St. NE
Suite 2000
Atlanta, GA 30361

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

25th day of February, 2025

**This** _____ **day of** _____, **20**_____.

**Tiana P. Garner**
**Clerk of State Court**

**By**_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## Heather Booth,

PLAINTIFF

CIVIL ACTION
NUMBER:_____  25-C-02235-S7

VS.

**Ace American Insurance Company,**

**Hub Group, Inc., Hub Group Trucking, Inc.,**

**Je'Kendrick Chadrelle Rucker, and John Does 1-5,**

To: Hub Group, Inc.
 c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Frank A. Ilardi
1201 Peachtree St. NE
Suite 2000
Atlanta, GA 30361

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____ 25th day of February, 2025 **day of** _____ **,   20_____ .**

Tiana P. Garner
**Clerk of State Court**

**By**_____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## Heather Booth,

CIVIL ACTION
NUMBER:                     25-C-02235-S7

PLAINTIFF

VS.

**Ace American Insurance Company,**

**Hub Group, Inc., Hub Group Trucking, Inc.,**

To: Hub Group Trucking, Inc.
 c/o Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA 30092

**Je'Kendrick Chadrelle Rucker, and John Does 1-5,**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Frank A. Ilardi
1201 Peachtree St. NE
Suite 2000
Atlanta, GA 30361

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

**This** _____25th day of February, 2025_____ **day of** _____ **,    20_____ .**

                    Tiana P. Garner
                    **Clerk of State Court**

**By** _____
                    **Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-02235-S7**
**2/25/2025 9:45 AM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## Heather Booth,

PLAINTIFF

VS.

**Ace American Insurance Company,**

**Hub Group, Inc., Hub Group Trucking, Inc.,**

**Je'Kendrick Chadrelle Rucker, and John Does 1-5,**

DEFENDANT

CIVIL ACTION
NUMBER: 25-C-02235-S7

To: Je'Kendrick Chadrelle Rucker
351 Crossing Boulevard, Apt. 326
Orange Park, FL 32073

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   **You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Frank A. Ilardi
1201 Peachtree St. NE
Suite 2000
Atlanta, GA 30361

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

This _____ day of _____ , 20_____ .

25th day of February, 2025

Tiana P. Garner
**Clerk of State Court**

**By** _____
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**